IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR19-4092-LTS |
| | ) | |
| vs. | ) | |
| | ) | |
| SHAYNE DAVID YATES, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESISTANCE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

COMES NOW the United States of America and files its resistance to defendant's motion for downward variance.

Defendant requests a downward variance from his 41 to 51 months' guidelines range due to low number and content of child pornography images, his successful completion of chemical dependency treatment, and steady employment history. (Docket 34-2). Defendant further requests the Court impose a reduced special assessment of $500 pursuant to 18 U.S.C. § 2259A and requests the Court not impose the $5,000 additional assessment under 18 U.S.C. § 3014. *Id*.

For the reasons discussed below, the government requests the Court deny defendant's variance request and sentence him within the guidelines range. The government further requests the Court impose an assessment of $100 per month for the duration of defendant's imposed supervised release pursuant to 18 U.S.C. §

2259A.  The government leaves it to the Court's discretion to impose the $5,000 additional assessment under 18 U.S.C. § 3014.

## I. A Downward Variance is Not Warranted

The grand jury originally indicted defendant on a two-count indictment including receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1); and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2).  (PSR ¶ 1; Docket 2).  Though defendant admitted to receiving child pornography by saving the images and videos onto his tablet (PSR ¶ 8), defendant ultimately pled to only the possession count.  (PSR ¶ 1).  Had defendant pled guilty to the receipt count, not only would he be facing a 5-year statutory mandatory minimum but he would also have a 2-level increase pursuant to USSG § 2G2.2(a)(2) placing his guideline range at 51-63 months' imprisonment. As such, defendant has already received a *de facto* downward variance and a further variance is not warranted.

Secondly, defendant asserts a downward variance is justified because of the low number of child pornography images in his collection as well as the mitigating content of the depictions.  (Docket 34-2).  The number of images in this case are likely underrepresented due to the method in which defendant acquired his child pornography collection.  In particular, defendant utilized Bing.com to search for child pornography.  (PSR ¶¶ 6, 8).  Much like a Google search, searching Bing does not create a repository for defendant to store the images and videos.  Rather,

2

defendant searched Bing for images and videos of child pornography then culled through the results to save the 25 images and 2 videos of child pornography ultimately discovered on his tablet. As such, unless defendant saved every single image and video of child pornography he came across during his Bing searches, it is probable he accessed more images and videos of child pornography than merely the ones he chose to save and are subsequently accounted for in the PSR.

Lastly, defendant argues his child pornography collection is somehow mitigating because it does not contain minors engaged in sexual acts. (Docket 34-2). The government argues that images and videos showcasing the lascivious display of a minor's genitals immortalized and distributed across the internet for eternity is undoubtedly damaging to the victims involved and are therefore aggravating considerations.

Moreover, though there were no videos or images of prepubescent victims engaged in sexual acts, defendant's pornography collection did include multiple videos of young, age-questionable[1] females engaged in sexual acts to include two videos that were disturbing in nature. The first video was 45-minutes long and included a young, age-questionable female being sexually penetrated by an adult male. While being penetrated, the female is clearly distressed and in pain as she

---

[1] The government is using the term "age-questionable" to denote individuals that appear to be around 18-years of age. Unfortunately the individuals involved in the conduct above have not been identified, either through the National Center for Missing and Exploited Children or through this investigation, and therefore the true ages of the individuals are unknown.

is sobbing and screaming. This lasts for approximately half of the duration of the video, her distress being a focus of the video. The second video is over 10-minutes long and again depicts a young, age-questionable female being sexually penetrated by an older adult male. While being penetrated, the female appears to be in distress and pain as well, though not to the extent of the 45-minute video. In light of defendant's sexual attraction to children, the fact that he collected these perceived sexually violent videos of young, age-questionable females is aggravating and does not warrant a downward variance.

For these reasons, the Court should deny defendant's motion for downward variance.

## II. The Court Should Impose the Special Assessment Under 18 U.S.C. § 2259A and Has Discretion to Impose the Special Assessment Under 18 U.S.C. § 3014.

Defendant concedes a steady employment history (Docket 34-2 at 2-4) which is reflected by the PSR. (PSR ¶ 48). Though defendant's chapter 7 bankruptcy case was discharged in 2019, in 2018 and 2019 he earned $33,451 and $38,043 respectively. *Id*. During this time defendant reported earnings of $4,500 per month as a delivery driver. (PSR ¶ 47). Additionally, defendant has a net worth of $53,000 and a positive monthly cash flow. (PSR ¶¶ 49-50). Notably, defendant does not have any financial obligations and his mortgage is paid to his parents whom are the owners of his residence. (PSR ¶¶ 49, 50 at fn 2).

4

Case 5:19-cr-04092-LTS-KEM   Document 35   Filed 08/21/20   Page 4 of 6

### a. The Court Should Order Defendant Pay at Least $100 Per Month for the Duration of his Term of Supervised Release to Fulfill 18 U.S.C. § 2259A

As noted by probation, "[i]n addition to any other civil or criminal penalty authorized by law, the court shall assess (1) not more than $17,000 on any person convicted of an offense under . . . 18 U.S.C. 2252A(a)(5)[.]" (PSR ¶ 74; see also Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, S. 2152, 115th Cong. § 5 (2017-2018). The Court utilizes 18 U.S.C. §§ 3553(a) and 3572 when ordering the assessment.

Here, despite some financial difficulties, as discussed above defendant has a recent history of earning approximately $4,500 per month equating to around $33,000 and $38,000 annually. As noted above he has a positive monthly cash flow, no liabilities, and pays his mortgage to his parents whom own his residence. In light of defendant's consistent employment history and earning potential, the government submits defendant can pay at least $100 per month for the duration of his term of supervised release (up to $17,000) pursuant to 18 U.S.C. § 2259A.[2]

### b. The Court Has Discretion to Order Defendant Pay the $5,000 Assessment Pursuant to 18 U.S.C. § 3014

18 U.S.C. § 3014, provides that "in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . chapter 110 (relating to sexual

---

[2] The government notes that $100 per month is less than the $150 per month defendant currently spends on cable. (PSR ¶ 50).

5

exploitation and other abuse of children)[.]" The government acknowledges defendant's history of bankruptcy, the fact that he has appointed counsel, and that probation noted it appears defendant does not have the ability to pay a financial penalty as potential reasons for declining to impose the $5,000 additional assessment pursuant to 18 U.S.C. § 3014. (PSR ¶¶ 51, 52). However, for the reasons stated above, the Court could reasonably find defendant is capable of paying this fine. The government leaves it to the Court's discretion to make that determination.

### III. Conclusion

For the aforementioned reasons, the government respectfully requests that the Court deny defendant's motion for downward variance, order a $100 per month special assessment for the duration of his term of supervised release pursuant to 18 U.S.C. § 2259A, and leaves it to the Court's discretion whether or not to impose the $5,000 additional assessment pursuant to 18 U.S.C. § 3014.

PETER E. DEEGAN, JR.
United States Attorney

By: */s/ Mikala M. Steenholdt*

MIKALA M. STEENHOLDT
Assistant United States Attorney
600 Fourth Street, Suite 670
Sioux City, IA 51101
(712) 255-6011
(712) 252-2034 (fax)
Mikala.Steenholdt@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record on August 21, 2020.

UNITED STATES ATTORNEY

BY: s/ Mikala Steenholdt